# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| TRACI ISAACS, | : | 18 U.S.C. §§ 1752(a)(1) and (2) |
| LUIS HALLON, and | : | (Restricted Building or Grounds) |
| LESLIE GRAY, | : | |
| | : | 40 U.S.C. §§ 5104(e)(2)(D) and (G) |
| | : | (Violent Entry or Disorderly Conduct) |
| Defendants. | : | |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorder) |
| | : | |
| | : | 18 U.S.C. § 1512(c)(2) |
| | : | (Official Proceeding) |
| | : | |
| | : | 18 U.S.C. § 1512(c)(1) |
| | : | (Document in an Official Proceeding) |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1.   The United States is investigating allegations that Traci Isaacs, Luis Hallon, and Leslie Gray willfully and knowingly entered and remained on restricted grounds on January 6, 2021, without legal authority and participated in violent and disorderly conduct on Capitol

Grounds; that Leslie Gray obstructed law enforcement lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function; that Leslie Gray obstructed, influenced, or impeded any official proceeding; and that Traci Isaacs altered, destroyed, mutilated, or concealed a record, document, or other object with the intent to impair its integrity or availability for use in an official proceeding in violation of 18 U.S.C. §§ 1752(a)(1) and (2), 40 U.S.C. §§ 5104(e)(2)(D) and (G), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1512(c)(2), and 18 U.S.C. § 1512(c)(1).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the

integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrants are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendants are charged with a crime, and the Government intends to arrest them. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrants.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrants, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Maria Y. Fedor*
        MARIA Y. FEDOR
        Attorney, detailed to the
        United States Attorney's Office for the
        District of Columbia
        D.C. Bar No. 985823
        601 D Street, N.W.
        Washington, DC 20530
        Maria.Fedor@usdoj.gov