UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 22-cr-338 (DLF) |
| : | |
| LESLIE GRAY, : | |
| : | |
| : | |
| Defendant.   : | |

### GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE MOTIONS HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court for a continuance of the motions hearing presently set for April 26, 2023 to May 10, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including the date of the next hearing.

Government counsel has communicated with counsel for the Defendant and has received permission from them to the filing of this motion as unopposed.

### FACTUAL BACKGROUND

Defendant Leslie Gray is charged by Indictment with violations of 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C.§§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or

1

Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, and Picketing in a Capitol Building). The Defendant remains in ongoing plea discussions with the government.

## ARGUMENT

### A. Continuance of Motions Hearing

A continuance of the April 26 Motions Hearing is appropriate for the following reasons: (1) the government and the Defendant continue to exchange information relevant to plea discussions and the parties need additional time to attempt to resolve this matter pretrial; (2) the government continues to produce global discovery to the defendants and, as applicable, case specific materials; and (3) given the volume of discovery that has been and is being produced, a continuance will provide the defendants with the opportunity to meaningfully review such discovery and determine how best to proceed, including making decisions regarding the filing of pretrial motions.

In summary, the parties seek additional time to allow for the continuation of the referenced plea discussions, which, if effective, would preserve judicial and the parties' resources. Additional time will also allow for the continued disclosure, review, and consideration of the voluminous discovery in this case.

### B. Exclusion of Time

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the

> attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
> iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The need for a

reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. See, e.g., *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). In addition, the parties would like to continue the referenced plea discussions and request additional time to engage in those discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the motions hearing presently set for April 26, 2023. The Government understands that the Court and the defense are available on May 10, 2023. Therefore, the Government requests a change of plea hearing on that date, and from the date this Court enters an Order on this motion through and including the date of the next hearing, that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052


By:    */s/ Kyle M. McWaters*
        Kyle M. McWaters
        Assistant United States Attorney
        D.C. Bar No. 241625
        601 D Street NW
        Washington, DC 20003
        (202) 252-6983
        kyle.mcwaters@usdoj.gov