## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                              |   |                                        |
|------------------------------|---|----------------------------------------|
| UNITED STATES OF AMERICA     | ) | CASE No.: 0090 1:22-cr-0038-001        |
| v.                           | ) |                                        |
| LESLIE GRAY                  | ) |                                        |
| *Defendant*                  | ) |                                        |

### SENTENCING MEMORANDUM

COMES NOW Defendant Leslie Gray, through her attorney, and files her Sentencing Memorandum and shows the Court the following:

Leslie Gray is before this Court for sentencing for Count 3 of the Indictment, Obstructing an Official Proceeding, 18 U.S.C. § 1512(c)(2). United States Probation determined that Ms. Gray has a Criminal History Category I and her Offense Level in this case is 14.

U.S. Probation recommended a below Guideline sentence of 12 months plus 1 day followed by 1 year of supervised release[1]. Ms. Gray is appreciative of U.S. Probation's work in their Pre-Sentence Investigation. However, the Defense respectfully disagrees with the length of the custodial portion of the recommendation. Rather, the Defense is asking for a downward variance and believes a term of home confinement best serves the interest of justice[2].

Ms. Gray and Defense Counsel contend that U.S. Probation properly calculated

---

[1] The recommended sentence also included $2,000.00 restitution that was agreed to by the parties and the ever present $100.00 Special Assessment.

[2] In the interests of judicial economy, the Defense is asking the Court to take judicial notice of Booker and its progeny and avoiding a lengthy recitation of string cites.

Leslie's Offense Level and Criminal History Category using the current Guidelines. In fact, the Offense Level and Criminal History Category matched what the parties estimated the Offense Level to be in the Plea Agreement.

However, based on Leslie's age, health, and an absence of criminal history, the Defense believes that the Court should vary downward and order a period of home confinement rather than a custodial sentence with the Bureau of Prisons. The Defense believes that such a sentence would be "sufficient, but not greater than necessary" to comply with 18 U.S.C. § 3553(a).

Leslie Gray is a good and patriotic person who did a bad thing. She got caught up in a mob and broke the law. She has accepted responsibility for her actions. When the Court looks at Leslie's life, the Court should see that Leslie's behavior that day was completely out of character.

There is more to Leslie than her actions on January 6th. The PSI does a very good job setting forth certain biographical details that explain Leslie's current situation. However, this is not a typical, run of the mill PSI.

Paragraphs 53- 58 of Leslie's PSI are, for lack of a better term, surprising. None of the information in the individual paragraphs of the PSI's "Personal and Family Date" is surprising at all. In Defense Counsel's experience, the information in the first half of this section is all too common in PSI reports.

What is surprising was how Leslie coped with what can only be described as a horrible childhood. Leslie dropped out of high school but was fortunate to have two teachers convince her to go back to school. Around the same time Leslie returned to graduate high school, she became pregnant, got married and divorced.

27 years ago, Leslie remarried her husband, Donald. They have a daughter together. Leslie maintains close relationships with bother her daughters and her grandchildren.

Donald is 15 years older than Leslie. Like a lot of men Donald's age, he has health problems. Specifically, he has heart problems including several heart attacks. Leslie stays at home and tends to both Donald and their grandchildren.

Donald Gray is not the only member of the Gray household with health problems. Paragraphs 59-64 in the section the "Physical Condition" subsection. 57-year-old Leslie has multiple health issues that would make prison problematic for treatment and therapy.

What separates Leslie's PSI from countless other PSI's is "Part B. The Defendant's Criminal History". Aside from a few traffic citations, Leslie has no criminal history. Even looking back beyond the "look back period" when determining a criminal history, Paragraph 50 in the section "Other Criminal Conduct" reads "None."

**CONTINUED NEXT PAGE**

Leslie has genuine remorse regarding her actions on January 6th. She did not go to Washington D.C. with the intent to storm the Capitol. Leslie intended to lawfully exercise her 1st Amendment rights the same way citizens do daily in our country. Sadly, Leslie did not do that. Leslie understands that she will forever be a convicted criminal. Whatever sentence this Court imposes, it will eventually run. However, her conviction will remain. To a woman like Leslie, a conviction is a sentence that will never expire.

Respectfully submitted this 21st day of September, 2023.

/s/ Dennis A. O'Brien, Jr.
Dennis A. O'Brien, Jr.
GA Bar No. 548495
*Attorney for the Defendant*
savannahlawyer@gmail.com

THE O'BRIEN LAW FIRM, P.C.
33 Bull Street
Suite 540
SAVANNAH, GA 31401
912-704-5150 Telephone

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the notice of electronic case filing which was generated as a result of electronic filing in this Court.

This 21st day of September, 2023.

                                                  /s/ Dennis A O'Brien, Jr.
                                                  Dennis A. O'Brien, Jr.
                                                  GA Bar No. 548495
                                                  *Attorney for the Defendant*
                                                  savannahlawyer@gmail.com

THE O'BRIEN LAW FIRM, P.C.
33 Bull Street
Suite 540
SAVANNAH, GA 31401
912-704-5150 Telephone